69 F.3d 537
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Zaynus C. Crawford Plaintiff-Appellant,
v.
Al RIVERS; Jim Seay; T.L. Page; M. Crutcher; Ed
Raulston; Jack Morgan; Christine J. Bradley;
David Myatt; Kathy Myatt; Howard Gore,
Defendants-Appellees.
 No. 95-5080.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1995.
 
 1
 Before: MERRITT, Chief Judge; KENNEDY, Circuit Judge, and JOINER, District Judge.*
 
 ORDER
 
 2
 Zaynus Crawford appeals a district court's judgment dismissing his prisoner civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Zaynus Crawford is a Tennessee inmate. He filed a civil rights action against several employees of the Tennessee Department of Corrections and another inmate, Howard Gore, seeking monetary damages and other relief for an alleged deprivation of his Eighth Amendment rights. The matter was referred to a magistrate judge who conducted an evidentiary hearing and concluded that the complaint should be dismissed as frivolous. The district court adopted the recommendation over Crawford's objections and withdrew Crawford's pauper status.
 
 
 4
 This appeal followed. The parties have briefed the issues; Crawford is proceeding without benefit of counsel.
 
 
 5
 An indigent plaintiff who states an arguable claim is entitled to service of process, even when it appears that he ultimately may not be entitled to relief. Neitzke v. Williams, 490 U.S. 319, 329-30 (1989). A complaint may be dismissed as frivolous under 28 U.S.C. Sec. 1915(d), however, if it is premised on a legal interest that does not exist or on a factual scenario that is fantastic or delusional. Id. at 327-28. The dismissal of a complaint under Sec. 1915(d) is reviewed for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989). An examination of the record and law reflect that the district court's decision to dismiss the present complaint was not an abuse of discretion.
 
 
 6
 Crawford claims that, in 1993, he was threatened repeatedly by fellow inmate Howard Gore while both were incarcerated at Middle Tennessee Reception Center. Crawford maintained that, instead of dealing directly with Gore, officials placed Crawford in lock-up, took away his prison job and eventually transferred him to another institution. Crawford characterizes this response as motivated by his race or in retaliation for his "whistle blowing" activities in reporting the theft of Tennessee state property. These latter contentions, however, never grew beyond conclusory allegations.
 
 
 7
 The matter proceeded to an evidentiary hearing before a magistrate judge. Crawford offered his version of the underlying events as did defendant Al Rivers, internal affairs investigator at Middle Tennessee Reception Center. The testimony was that Crawford reported the initial threat and did not make another complaint until two weeks later. An investigation ensued and Crawford was placed in protective custody and eventually transferred. Crawford never suffered any actual injury or assault at the hands of Gore. The magistrate judge later concluded that, based on Crawford's pleadings and the testimony adduced at the hearing, Crawford's complaint should be dismissed. The district court adopted this recommendation. On appeal, Crawford continues to complain that the defendants' actions in response to his reported threats were misdirected. The defendants point out the seeming paradox of Crawford's position whereby they have been condemned by him for protecting his safety by taking action and would have been constitutionally remiss if they had done nothing.
 
 
 8
 The record and law completely support the defendants' position. The Eighth Amendment's proscription against the infliction of cruel and unusual punishment mandates that prison administrators not be deliberately indifferent to the serious needs of prisoners. Estelle v. Gamble, 429 U.S. 97, 102-05 (1976). Prison administrators or guards may be deliberately indifferent to a prisoner's needs when they fail to prevent one inmate from being attacked by another. See, e.g., Roland v. Johnson, 856 F.2d 764, 769-70 (6th Cir.1988). An inmate's Eighth Amendment claim will fail if the inmate does not demonstrate that the accused's conduct was wanton or deliberately indifferent to his needs. Liability may not be predicated on negligence alone. Wilson v. Seiter, 501 U.S. 294, 305 (1991).
 
 
 9
 In the present case, the record is completely devoid of any indication that the defendants responded to Crawford's reports with wantonness or deliberate indifference. Indeed, the pleadings and evidentiary material support the defendants' position. They acted quickly and effectively to remove Crawford from a threatening situation and, as a result, he was never assaulted. Crawford's unhappiness with the method of protection chosen is irrelevant; the defendants surely enjoyed the freedom to act in the manner that they did. This case is meritless.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation